UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cr-258-MOC-DSC-1

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| EDWARD JUNIOR PATTERSON, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on the Defendant's *pro se* "Motion for Reduction of Sentence Under Federal Rules of Criminal Procedure 60(b)(2) & (6)" [Doc. 233].[1]

I. BACKGROUND

Defendant pleaded guilty to: Hobbs Act conspiracy in violation of 18 U.S.C. § 1951(a) (Count One); conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846 (Count Two); and conspiracy to use or carry a firearm in furtherance of a crime of violence and drug trafficking offense, *i.e.* Counts One and Two, in violation of 18 U.S.C. § 924(o) (Count Four). [Doc. 60]. He was sentenced to a total of 262 months' imprisonment. [Doc. 90]. The Fourth Circuit affirmed the conviction and sentence on direct appeal. United States v. Patterson, 533 F. App'x 331 (4th Cir. 2013).

In 2014, Petitioner filed a § 2255 Motion to Vacate in which he raised claims of prosecutorial misconduct and ineffective assistance of counsel, Case No. 3:14-cv-342-MOC. The Court denied the Motion to Vacate on the merits, Patterson v. United States, 2014 WL 639-994

---

[1] Citations to "Doc." refer to docket entries in the criminal case.

(W.D.N.C. Nov. 17, 2014), and denied reconsideration, Patterson v. United States, 2014 WL 6769620 (W.D.N.C. Dec. 1, 2014).

In 2017, Petitioner filed another § 2255 Motion to Vacate in which he sought sentencing relief pursuant to Johnson v. United States, 576 U.S. 591 (2015), Case No. 3:17-cv-530-MOC. The Court dismissed the action as an unauthorized successive § 2255 action. Patterson v. United States, 2017 WL 4225632 (W.D.N.C. Sept. 21, 2017).

On July 12, 2022,[2] Defendant filed the instant Motion in which he purports to seek relief pursuant to Federal Rules of Civil Procedure 60(b)(2) and (6). [Doc. 233]. He appears to allege that counsel performed ineffectively, that his guilty plea was involuntary, and that his conviction and sentence are defective pursuant to developments in the case law. He asks the Court to vacate his conviction in part, resentence him to time served, and release him from custody immediately.

**II.     DISCUSSION**

Rule 60 permits a court to provide relief from a civil judgment under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

---

[2] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

Fed. R. Civ. P. 60(b).

By contrast, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence pursuant to § 2255 if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "A second or successive [§ 2255] motion must be certified...by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking post-conviction relief when failing to do so would allow the applicant to evade the bar against re-litigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. Id. at 206 (requiring district courts to review Rule 60(b) motions to determine whether they are tantamount to § 2255 motions), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392

3

(4th Cir. 2015); see Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition).

In the instant case, the Defendant fails to identify any civil judgment that he is seeking to challenge pursuant to Rule 60. Instead, it is evident that he is attempting to directly challenge his criminal conviction and sentence. See Winestock, 340 F.3d at 206. The Motion is therefore recharacterized as a § 2255 Motion to Vacate and the Clerk will be instructed to open it in a new civil § 2255 case.

The instant § 2255 Motion to Vacate is defective in that it is not verified (signed under penalty of perjury), and it does not substantially follow the § 2255 form. See Rule 2, 28 U.S.C. foll. § 2255; 28 U.S.C. § 1746. The Court will not require the Defendant to correct these deficiencies at this time because the Court concludes that it lacks jurisdiction over this action. The Defendant has already filed a § 2255 action that was denied the merits, and a second § 2255 Motion to Vacate was dismissed as successive. The Defendant has now filed this, his third § 2255 Motion to Vacate and he has failed to demonstrate that he has received authorization from the Fourth Circuit Court of Appeals to proceed. Accordingly, the instant Motion will be dismissed as an unauthorized second or successive § 2255 Motion to Vacate over which this Court lacks jurisdiction.

### III. CONCLUSION

For the reasons stated herein, the instant "Motion for Reduction of Sentence Under Federal Rules of Criminal Procedure 60(b)(2) & (6)" [Doc. 233] is recharacterized as an unauthorized successive § 2255 Motion to Vacate over which the Court lacks jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's "Motion for Reduction of Sentence Under Federal Rules of Criminal Procedure 60(b)(2) & (6)" [Doc. 233] is recharacterized as a § 2255 Motion to Vacate. The Clerk is instructed to open a new civil case and to docket the Motion as a § 2255 Motion to Vacate.

2. The Motion to Vacate is **DISMISSED** as an unauthorized successive § 2255 petition over which the Court lacks jurisdiction.

3. The Clerk is instructed to docket a copy of this Order in the civil case, and to close the civil case.

Signed: August 3, 2022

Max O. Cogburn Jr
United States District Judge